**Hui CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–2120–AG.**

United States Court of Appeals, Second Circuit.

Dec. 12, 2005.

Farah Loftus, Los Angeles, CA, for Petitioner.

Margaret M. Chiara, United States Attorney, Charles R. Gross, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hui Chen petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005).

Chen challenges the IJ's findings with respect to asylum, withholding of removal, and CAT. However, because Chen did not challenge the IJ's denial of CAT relief in her appeal to the BIA, she has failed to exhaust all administrative remedies available to her as required by 8 U.S.C. § 1252(d). This Court, therefore, does not have jurisdiction to review the issue of whether the IJ erred in denying CAT relief. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d

Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted); *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

In this case, the IJ's finding that Chen was not credible and therefore unable to meet her burden of proof for asylum and withholding of removal is substantially supported by the record. The IJ relied on numerous and specific examples in the record of inconsistent and contradictory testimony combined with Chen's failure to present her husband as a corroborating witness. Viewing the inconsistencies and lack of corroboration together, the IJ reasonably concluded that Chen was not credible and therefore unable to meet her burden of proof.

For the foregoing reasons, the petition for review is DENIED. The motion for a stay of removal is DENIED as moot.